[35] On Second Rehearing
[37] This is an appeal from a conviction under the Blind Tiger Act — No. 8 of the Extra Session of 1915. The judgment of conviction was affirmed by this Court on the original hearing. However, on rehearing the judgment of conviction and sentence were annulled and set aside. Because of the manifold complexities of the law, a second rehearing was granted and this case is now under consideration by us for a third time.
[38] The Hood Act, No. 39 of 1921, which came into existence at the Extra Session of 1921, was repealed by Act 1 of the Ex.Sess. of 1933, and the National Prohibition Law having likewise gone out of existence, the entire State at that time had no prohibition against the keeping for sale of intoxicating liquors, provided the businesses were properly licensed. Under these circumstances, the Legislature, in its wisdom, felt that municipalities, wards and parishes, if they so desired, should have the right by a vote of the people to declare for local option within their territorial limits and, therefore, enacted Act No. 17 of the Ex.Sess. of 1935. In this local option statute the sovereign reserved to itself a limitation by and under which the local optionist could not go beyond the limitation imposed in Section 3 thereof. This section provides, in substance, that intoxicating liquors can be kept in dry territories and can be sold by drug stores on the prescription of a physician. Section 6 of the statute provides that, in order to make local option herein effective in those parishes, wards and municipalities where liquor traffic is prohibited by a vote of the people — as is the situation in the Town of Logansport, which is dry territory — that the authorities be granted both a right and a remedy to enact ordinances and provide for their enforcement by penal punishment. The universal rule is that "A law can prescribe only for the future * * *." Revised Civil Code, Art. 8. Therefore, prosecutions for the violation of the local option law in dry territories can only be effected under ordinances adopted in accordance with the statute, or by future enactments. In analyzing the Blind Tiger Act, we must give significance to the word "blind". As used in the statute, to the word "blind" means a surreptitious concealment or that which is not visible to the naked eye. In the instant case, we have no concealment and it is impossible to reconcile the language of the indictment with the language of the statute charging the operation of a "Blind Tiger". Therefore, the sleeping "Blind Tiger" should not be aroused and should remain where it was placed by the former decision of this Court — in a state of "innocuous desuetude".
[39] Being in accord with the views expressed in our opinion on first rehearing, we adopt and make them a part hereof.
[40] For the reasons given in our opinion on the first rehearing and as amplified by the views herein expressed, our decree on first rehearing wherein the conviction and sentence are annulled and set aside and the defendant discharged and the intoxicating liquor seized on the premises ordered released, is reinstated and made the final judgment of this Court.
[41] LE BLANC, J., concurs with written reasons.
[42] HAMITER, HAWTHORNE and McCALEB, JJ., dissent with written reasons.